IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3323-FL

| | | |
|---|---|---|
| JOHN WESLEY LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| THE FEDERAL BUREAU OF PRISONS, | ) | |
| CORRECTIONAL OFFICER BALDWIN, | ) | |
| LIEUTENANT CRADDOCK, | ) | |
| LIEUTENANT DAWSON, | ) | |
| CORRECTIONAL OFFICER | ) | |
| DELOSSANTOS, CORRECTIONAL | ) | |
| OFFICER LASSISTER, AGENT | ) | |
| LOWERY, CORRECTIONAL OFFICER | ) | |
| MCHENRY, CORRECTIONAL | ) | |
| OFFICER STATEN, LIEUTENANT | ) | |
| WRIGHT, and UNIT MANAGER | ) | |
| WILLIS, | ) | |
| | ) | |
| Defendants. | ) | |

The matter comes before the court on defendants' motion to dismiss, or in the alternative, for summary judgment (DE 24), to which plaintiff responded. Also before the court is plaintiff's pleading captioned "plaintiff's motion for an order denying, alternatively, deferring defendants' motion/memorandum to dismiss, alternative for summary judgment" (DE 31) and plaintiff's pleading captioned "Reply in Opposition to Defendant's Motion to Dismiss Alternatively for Summary Judgment and Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 56(d)" (DE 32). Defendants did not respond to plaintiff's motions. For the following reasons, the court grants in part and denies in part plaintiff's motions for a continuance, denies as moot defendants' motion to

dismiss, or in the alternative for summary judgment as to plaintiff's Bivens claims, and denies defendants' motion to dismiss plaintiff's FTCA action.

## STATEMENT OF THE CASE

On December 30, 2013, plaintiff, a federal inmate, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* Plaintiff named the United States, the Federal Bureau of Prisons ("BOP"), Correctional Officer Baldwin ("Baldwin"), Lieutenant Craddock ("Craddock"), Lieutenant Dawson ("Dawson"), Correctional Officer Delossantos ("Delossantos"), Correctional Officer Lassiter ("Lassiter"), Agent Lowery ("Lowery"), Correctional Officer McHenry ("McHenry"), Correctional Officer Staten ("Staten"), Lieutenant Wright ("Wright"), and Unit Manager Willis ("Willis") as defendants. Plaintiff alleged the following Bivens claims in his complaint: (1) his prison conditions violated the Eighth Amendment to the United States Constitution; (2) defendants used excessive force in violation of the Eighth Amendment; (3) bystander defendants failed to protect him from assault from other correctional officers in violation of the Eighth Amendment; (4) defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment; (5) defendants interfered with the investigation of his excessive force claim by denying him access to the BOP's administrative remedy procedure; and (6) defendants engaged in retaliatory conduct. As for plaintiff's FTCA claim, plaintiff alleged that the United States breached its legal duty to properly train, monitor, and control its employees which resulted in the alleged assault and failure to provide medical care.

On July 11, 2014, the court conducted an initial review of plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(b). As part of its order, the court ruled that the United States was the only

2

proper party for plaintiff's FTCA action, and dismissed plaintiff's FTCA action against the remaining defendants. The court also dismissed the BOP as a defendant and allowed plaintiff to proceed with his Bivens action against the remaining defendants.

On November 7, 2014, defendants filed a motion to dismiss, or in the alternative, for summary judgment, arguing that plaintiff's Bivens action, in part, is time barred. Alternatively, defendants assert that plaintiff's Bivens claims should be dismissed because plaintiff failed to exhaust his administrative remedies prior to filing this action and because plaintiff, in part, failed to state a claim upon which relief may be granted. Defendant the United States moved to dismiss plaintiff's FTCA action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The motion was fully briefed. Plaintiff additionally filed pleadings captioned "plaintiff's motion for an order denying, alternatively, deferring defendants' motion/memorandum to dismiss, alternative for summary judgment" and "plaintiff's motion for relief pursuant to Fed. R. Civ. P. 56(d)." Defendants did not respond to plaintiff's motions.

## DISCUSSION

A.  Motion for Continuance

Before addressing defendants' dispositive motion, the court considers plaintiff's request for a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d). "As a general rule, summary judgment is appropriate only after adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time

3

> to obtain affidavits or declarations or to take discovery; or (3) issue
> any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) allows a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995).

Here, defendants moved to dismiss plaintiff's Bivens claim based upon plaintiff's failure to exhaust his administrative remedies, the statute of limitations, and failure to state a claim. Plaintiff, in his unopposed motion for a continuance, asserts that he needs the opportunity to conduct discovery in relation to the timeliness of his Bivens complaint and the fact that he was "legally denied the full, fair, and complete access to the administrative remedy procedures." ((DE 31) p. 5.) In particular, as to the timeliness issue, plaintiff states that he needs to determine the specific date of the alleged assault underlying his excessive force claim. The dates related to the alleged conduct, which plaintiff provided in his complaint, are inconsistent and further development of the record would assist the court in adjudicating this action. The court further finds that plaintiff's exhaustion-related defense requires further development of the record. Thus, plaintiff's motions for a continuance to conduct discovery as to plaintiff's Bivens claims are GRANTED.

Because the parties have not yet had the opportunity to engage in discovery in this action, the court DENIES as MOOT defendants' motion to dismiss, or in the alternative, motion for summary judgment as to plaintiff's Bivens claims. The court, however, does not require further

4

development of the record to adjudicate defendant the United States' motion to dismiss plaintiff's FTCA claims for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Accordingly, plaintiff's motions for a continuance are DENIED as to plaintiff's FTCA claims.

B. Motion to Dismiss

1. Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. The latter type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Since the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id. This includes exhibits outside the pleadings. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

2. Analysis

Defendant, the United States, argues that plaintiff's FTCA claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because plaintiff failed to comply with the FTCA's statutory requirement that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date

5

of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

The FTCA's statute of limitation, 28 U.S.C. § 2401(b) is a procedural, not jurisdictional, time bar. See United States v. Kwai Fun Wong, —U.S.—, —, 135 S.Ct. 1625, 1627 (2015). As a result, equitable tolling is applicable to the § 2401's statute of limitations. Because defendant's motion to dismiss was filed prior to the Court's ruling in Kwai Fun Wong and § 2401's requirements no longer are jurisdictional, defendant's motion to dismiss is DENIED without prejudice.

## CONCLUSION

For the foregoing reasons, the court rules as follows:

(1) Plaintiff's motions for a continuance pursuant to Rule 56(d) (DE 31, 32) are GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's Bivens claims, but DENIED as to plaintiff's FTCA claims;

(2) Defendants' motion to dismiss, or in the alternative, motion for summary judgment (DE 24) is DENIED as MOOT as to plaintiff's Bivens claims.

(3) Defendant the United States' motion to dismiss for lack of subject matter jurisdiction (DE 24) is DENIED;

(4) An initial order will be forthcoming.

SO ORDERED, this 21st day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge