IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3323-FL

| | |
|---|---|
| JOHN WESLEY LOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| THE FEDERAL BUREAU OF PRISONS, | ) |
| CORRECTIONAL OFFICER BALDWIN, | ) |
| LIEUTENANT CRADDOCK, | ) |
| LIEUTENANT DAWSON, | ) |
| CORRECTIONAL OFFICER | ) |
| DELOSSANTOS, CORRECTIONAL | ) |
| OFFICER LASSISTER, AGENT | ) |
| LOWERY, CORRECTIONAL OFFICER | ) |
| MCHENRY, CORRECTIONAL OFFICER | ) |
| STATEN, LIEUTENANT WRIGHT, and | ) |
| UNIT MANAGER WILLIS, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, a federal inmate, filed this civil rights action *pro se* pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The matter is before the court on plaintiff's motions for entry of default (DE 61), for a jury trial (DE 62), and to file an out of time response (DE 66). Defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication.

A.   Motion for Entry of Default

Plaintiff moves for an entry of default against defendant Lieutenant Dawson ("Dawson") pursuant to Federal Rule of Civil Procedure 55(b)(2). The court's docket reflects that defendant Dawson was served with the summons and complaint on July 22, 2014, but that he did not answer

or otherwise respond. Defendants have not moved to quash service as to Dawson. Defendants, however, report in a footnote in their November 7, 2014, memorandum in support of their motion to dismiss that they have been unable to identify any correctional officer named Dawson working at the Federal Correctional Complex in Butner, North Carolina during the time period at issue. (See (DE 25), p. 1). In light of the uncertainty regarding the existence of defendant Dawson, the court DENIES plaintiff's motion for entry of default to permit defendants the opportunity to properly move to quash service as to defendant Dawson. See Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) (stating a party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant.").

B.     Motion for a Jury Trial

Plaintiff filed a motion to make a jury demand. The record reflects that plaintiff timely made a demand for a jury trial in his complaint. (See (Compl. ¶ VI). Thus, plaintiff's motion is DENIED as MOOT.

C.     Motion to File an Out of Time Response

Plaintiff requests leave of court to file an out of time response to defendants' motion to dismiss, or in the alternative, for summary judgment filed on June 16, 2016. For good cause shown, plaintiff's motion is GRANTED, and the court accepts plaintiff's August 23, 2016, response to defendants' motion for summary judgment.

For the foregoing reasons, the court rules as follows:

    (1)    Plaintiff's motion for entry of default (DE 61) is DENIED without prejudice;

    (2)    Plaintiff's motion to make a jury demand (DE 62) is DENIED as MOOT;

    (3)    Plaintiff's motion to file an out of time response (DE 66) is GRANTED.

SO ORDERED, this 14th day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge